1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10    ROBERT W WILLIAMS,

11                                    Petitioner,

12               v.

13    JEFFREY UTTECHT,

14                                    Respondent.

15

CASE NO. C12-5538 BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:

DECEMBER 21, 2012

16       The District Court has referred this petition for a writ of habeas corpus to United States

17   Magistrate Judge J. Richard Creatura. The District Court's authority for the referral is 28 U.S.C.

18   § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks

19   relief from a state conviction. Petitioner filed his petition pursuant to 28 U.S.C. § 2254.

20       The Court recommends denying the petition. The first four grounds for relief, which all

21   involve allegations of inadequate assistance of counsel, were not adequately briefed for the

22   Washington State Supreme Court and that court denied review (ECF No l2, Exhibit 15).

23   Petitioner's remaining five claims were either not exhausted at all levels of state review or

24   overlap with the first four grounds. Petitioner cannot return to state court. Therefore, the petition

REPORT AND RECOMMENDATION - 1

1   is procedurally barred. Petitioner has not shown cause or prejudice that would excuse his

2   procedural default or that refusal to consider his claims on the merits results in a miscarriage of

3   justice.

4                                              BASIS OF CUSTODY

5          Petitioner was convicted in Pierce County Washington by jury verdict (ECF No. 12,

6   Exhibit 1). The jury found petitioner guilty of three counts of first degree child molestation and

7   one count of second degree child molestation. *Id*. The Pierce County Superior Court imposed a

8   198 month sentence of confinement followed by 36 months of community custody (ECF No. 12,

9   Exhibit 1). The specifics of Williams' crimes are not germane to this Report and

10  Recommendation because the decision is based on procedural bar.

11                                            PROCEDURAL HISTORY

12         Petitioner appealed his conviction and sentence through counsel, and by submitting a pro

13  se statement of additional grounds (ECF No. 12, Exhibits 4 and 5). The Washington State Court

14  of Appeals affirmed the conviction and sentence (ECF No. 12, Exhibit 3). Petitioner filed a

15  petition for review with the Washington State Supreme Court, which was denied without

16  comment (ECF No. 12, Exhibits 7 and 8).

17         Petitioner filed a personal restraint petition, which is a collateral challenge to his

18  conviction and sentence (ECF No. 12, Exhibit 10). The Washington State Court of Appeals

19  denied the petition (ECF No. 12, Exhibit 13). Petitioner filed a motion for discretionary review

20  with the Washington State Supreme Court and the Washington Supreme Court Commissioner

21  denied review (ECF No, 12, Exhibits 14, and 15). The Commissioner expressly held that

22  petitioner's issues relating to ineffective assistance of counsel were based "entirely on

23  conclusory assertions of fact unsupported by any evidence." (ECF No. 12, Exhibit 15, page 2).

24

1  Petitioner presents this Court with nine grounds for relief, which the respondent has

2  summarized:

        1.        Ineffective assistance of counsel. Counsel should have called state's witness Thomas Pickett, who would have established that petitioner left the house due to fear for his life, not due to guilt.

        2.        Ineffective assistance of counsel. Counsel should have called state's witness Jeff Adams, who would have shown anger toward petitioner and established that petitioner feared for his safety and therefore left the house due to fear, not due to guilt.

        3.        Ineffective assistance of counsel. Counsel should have called Thomas Pickett, who could have established that state's witness Jennifer Pickett has had a history of fabricating stories to the authorities.

        4.        Ineffective assistance of counsel. Counsel failed to challenge an incorrect drawing shown to the jury of the upstairs room where petitioner allegedly laid down with Jennifer Pickett.

        5.        Ineffective assistance of counsel. Counsel failed to elicit testimony from state's witness Jenny Adams about the fact that she had filed paperwork to have three children placed in petitioner's home, even though she testified that she thought abuse was taking place in his home.

        6.        Juror bias. Juror No. 7 asked to be excused from the jury because she was friends with state's witness Thomas Pickett, but she remained on the jury despite the fact she could not be impartial.

        7.        During trial, after coming back from a several days break, the jurors' trial notes were missing. Eventually, the notes were discovered but were not in order, and so the jurors had to look at the notes of other jurors to identify their own. This enabled them to see the notes of other jurors.

        8.        Ineffective assistance of counsel. Counsel failed to call witnesses that were vital to petitioner's case, failed to adequately question witnesses, and was too friendly with the prosecutor.

        9.        Judicial bias. The judge imposed the maximum sentence allowable despite the fact that petitioner had no prior adult convictions and was the pillar of his community. The judge was biased in favor of children because he had been a judge for the juvenile system. The judge is good friends with and a neighbor of the defense attorney and they were school classmates.

(ECF No. 1).

1                       EVIDENTIARY HEARING NOT REQUIRED

2          Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C.

3   §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the

4   factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a

5   new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

6   Court that was previously unavailable, or if there is (2) a factual predicate that could not have

7   been previously discovered through the exercise of due diligence; and (B) the facts underlying

8   the claim would be sufficient to establish by clear and convincing evidence that but for

9   constitutional error, no reasonable fact finder would have found the applicant guilty of the

10  underlying offense. 28 U.S.C. §2254(e)(2) (1996).

11         Petitioner's claims rely on established rules of constitutional law. Further, there are no

12  factual issues that could not have been previously discovered by due diligence. Finally, the facts

13  underlying petitioner's claims are insufficient to establish that no rational fact finder would have

14  found him guilty of the crime. Therefore, this Court concludes that an evidentiary hearing is not

15  necessary to decide this case.

16                              STANDARD OF REVIEW

17         Federal courts may intervene in the state judicial process only to correct wrongs of a

18  constitutional dimension. *Engle v. Isaac*, 456 U.S. 107 (1983). Section 2254 explicitly states that

19  a federal court may entertain an application for writ of habeas corpus "only on the ground that

20  [petitioner] is in custody in violation of the constitution or law or treaties of the United States."

21  28 U.S.C. § 2254(a) (1995). The Supreme Court has stated many times that federal habeas

22  corpus relief does not lie for mere errors of state law. *Estelle v. McGuire*, 502 U.S. 62 (1991);

23  *Lewis v. Jeffers*, 497 U.S. 764 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

24

1  A habeas corpus petition shall not be granted with respect to any claim adjudicated on the

2  merits in the state courts unless the adjudication either: (1) resulted in a decision that was

3  contrary to, or involved an unreasonable application of, clearly established federal law, as

4  determined by the Supreme Court; or (2) resulted in a decision that was based on an

5  unreasonable determination of the facts in light of the evidence presented to the state courts. 28

6  U.S.C. §2254(d). Further, a determination of a factual issue by a state court shall be presumed

7  correct, and the applicant has the burden of rebutting the presumption of correctness by clear and

8  convincing evidence. 28 U.S.C. §2254(e)(1).

9  DISCUSSION

10  A.      Signing of the petition.

11  Respondent argues that petitioner's wife cannot sign the petition for him and she does not

12  qualify for "next-friend" standing (ECF No. 11, page 1). Petitioner responds and argues that his

13  wife typed the petition for him at his direction, and rather than spending additional time sending

14  the final document back into prison for signature, she signed the document on his behalf (ECF

15  No. 13). Petitioner argues that his wife has a power of attorney and is authorized to sign on his

16  behalf (ECF No. 13).

17  Review of the signature shows that petitioner's wife is not seeking next friend status and

18  signed the document for her husband (ECF No. 1). Mrs. Williams is not filing a petition on her

19  husband's behalf, she is typing his petition for him, and signing for him with his knowledge and

20  approval. Under these facts the Court declines to recommend dismissal of the petition based on

21  signatures.

22

23

24

1       B      Exhaustion and Procedural bar.

2           As a threshold issue, the Court must determine whether or not petitioner has properly

3   presented the federal habeas claims to the state courts. 28 U.S.C. § 2254(b)(1) states, in pertinent

4   part:

5           (b)(1)   An application for a writ of habeas corpus on behalf of a person in custody
                     pursuant to the judgment of a state court shall not be granted unless it appears
6                    that:
                     (A)     the applicant has exhausted the remedies available in the courts of the
7                            state; or
                     (B)     (i)  there is an absence of available state corrective process; or
8                            (ii) circumstances exist that render such process ineffective to
                             protect the rights of the applicant.
9
           To exhaust state remedies, petitioner's claims must have been fairly presented to the
10
    state's highest court. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Middleton v. Cupp*, 768 F.2d
11
    1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court
12
    even though the state court did not reach the argument on the merits).
13
           A federal habeas petitioner must provide the state courts with a fair opportunity to correct
14
    alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*citing Picard*,
15
    404 U.S. at 275). Petitioner must have exhausted the claim at every level of appeal in the state
16
    courts. *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992). It is not enough that all the facts
17
    necessary to support the federal claim were before the state courts or that a somewhat similar
18
    state law claim was made.  *Duncan*, 513 U.S. at 365-66 (*citing Picard*, 404 U.S. at 275 *and*
19
    *Anderson v. Harless*, 459 U.S. 4 (1982)). Petitioner must present the claims to the state's highest
20
    court, even if such review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999);
21
    *Larche v. Simons*, 53 F.3d 1068, 1071 (9th Cir. 1995).
22
           In order for procedural bar to apply, petitioner must be precluded from returning to state
23
    court to cure the defect in his pleadings. Here, petitioner has filed a direct appeal and one round
24

REPORT AND RECOMMENDATION - 6

1   of collateral challenges through a personal restraint petition. RCW 10.73.140 would bar

2   petitioner from filing a second or successive collateral challenge to his conviction. The Court

3   concludes that petitioner cannot return to state court and thus, cannot cure any procedural defects

4   in his pleadings.

5           C.      Grounds for relief one through four and part of ground eight are
                    procedurally barred by an independent and adequate state procedural rule.

6

7       On direct appeal petitioner raised ineffective assistance of counsel claims that are

    different from those raised in his habeas corpus petition. The Washington State Court of Appeals

8   stated:

9

            Williams contends that counsel ineffectively represented him by
10          (1) stipulating to evidence of a common scheme of abuse; (2) failing to
            object to irrelevant testimony; (3) failing to object to comments on
11          Williams's [sic] exercise of his right to remain silent; and (4) calling a
            damaging witness to testify for the defense.

12

    (ECF No. 12, Exhibit 3, page 13). These are not the same grounds for relief raised in the habeas
13
    petition where petitioner alleges failure to call witnesses, not failure to object to testimony (ECF
14
    No. 1). Thus, the direct appeal did not exhaust any ineffective assistance of counsel ground for
15
    relief that is before the Court. Petitioner must have exhausted the claim at every level of appeal
16
    in the state courts. *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992). It is not enough that all
17
    the facts necessary to support the federal claim were before the state courts or that a somewhat
18
    similar state law claim was made.  *Duncan*, 513 U.S. at 365-66 (*citing Picard*, 404 U.S. at 275
19
    *and Anderson v. Harless*, 459 U.S. 4 (1982)). Petitioner must present the claims to the state's
20
    highest court, even if such review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845
21
    (1999); *Larche v. Simons*, 53 F.3d 1068, 1071 (9th Cir. 1995).
22
        In denying petitioner's motion for discretionary review on collateral review the
23
    Washington State Supreme Court Commissioner stated:
24

1    |    Mr. Williams argues that defense counsel was ineffective in several
2    respects. He contends that counsel should have called as witnesses two men who
     were purportedly angry at him. He asserts that this testimony would have
3    supported his claim that he left his home suddenly out of fear for his safety, not to
     avoid criminal prosecution. Mr. Williams also urges that one of these men could
4    have also undermined the credibility of a witness (the victim's sister) who was
     called to provide evidence that the current crimes were part of a common scheme
5    or plan. Finally, Mr. Williams argues that counsel should have objected to an
     inaccurate drawing of a bedroom where one of the acts against the victim's sister
6    allegedly occurred. But Mr. Williams bases these claims entirely on conclusory
     assertions of fact unsupported by any evidence. He does not demonstrate that the
7    drawing was inaccurate, nor does he provide affidavits from any of the witnesses
     he asserts counsel should have called showing that they would have testified in
8    the manner he claims. *See in re Pers. Restraint of Rice*, 118 Wn2d 876, 885-86,
     828 P.2d 1086 (1992) (bald assertion and conclusory allegation will not entitle
9    petitioner to relief or an evidentiary hearing). It is impossible to say from the
     materials Mr. Williams provides that counsel's performance was professionally
10   deficient or that, had counsel performed in the manner Mr. Williams urges, there
     is a reasonable probability the outcome would have been different. *See State v.*
11   *McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995) (standard for
     ineffective assistance claim). The chief judge therefore properly dismissed the
12   personal restraint petition.

(ECF No. 12, Exhibit 15, pages 1-2).

13

14       If the state courts would find petitioner's federal claim barred pursuant to an independent

15   and adequate state rule, federal review of that claim is barred unless petitioner can demonstrate

16   cause for the default and prejudice as a result of the alleged violation of federal law, or that

17   failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman v.*

18   *Thompson*, 501 U.S. 722, 750 (1991); *see also Robinson v. Schriro*, 595 F.3d 1086, 1100 & n.10

19   (9th Cir. 2010); *Cook v. Schriro*, 538 F.3d 1000, 1025 (9th Cir. 2008); *Franklin v. Johnson*, 290

20   F.3d 1223, 1230-31 (9th Cir. 2002).

21       The Washington State Supreme Court denied review of grounds for relief one through

22   four and to some extent ground eight because petitioner provided no record or evidence to

23   review (ECF No. 12, Exhibit 15)

24

1    The state court is applying RAP 16.7(a)(2)(i). The RAP directs petitioner to provide a

2  statement of facts upon which he claims unlawful restraint and to provide the evidence available

3  to support the factual allegations. RAP 16.7(a)(2)(i).

4    The state court's procedural rule must be both adequate to support the judgment and

5  independent of federal law in order to bar federal habeas review. *See Coleman v. Thompson*, 501

6  U.S. 722, 729 (1991); *Cooper v. Brown*, 510 F.3d 870, 924 (9th Cir. 2007). If the state court's

7  rule was firmly established and regularly followed at the time of petitioner's procedural default

8  then the rule is adequate. *Fields v. Calderon*, 125 F.3d 757, 760 (9th Cir. 1997). If the state

9  court's rule does not rely on federal law it is independent. *See Coleman v. Thompson*, 501 U.S.

10  722, 729 (1991); *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001).

11    Respondent has the burden of proving that the procedural rule is both adequate and

12  independent. *Scott v. Schriro*, 567 F.3d 573, 580 (9th Cir. 2009) (per curiam). With regard to the

13  adequacy of the rule respondent states:

14      Well-settled Washington law bars review of claims that are based solely
     on conclusory allegations unsupported by any citation to the record or admissible
15      evidence. RAP 16.7(a)(2)(i); *In re Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086
     (1992) *In re Dyer*, 143 Wn.2d 384, 397, 20 P.2d 907 (2001); *In re Gronquist*, 138
16      Wn.2d 388, 396, 978 P.2d 1083 (1999); *In re Lord*, 123 Wn.2d 296, 303, 868
     P.2d 835 (1994); *In re Reise*, 146 Wn. App. 772, 780, 192 P.3d 949 (2008).
17
     (ECF No.11, page 13).
18
     Respondent addresses the independent prong of the analysis and states:
19
        The inadequate briefing bar is an independent state law. Application of bar
20      does not rest primarily on federal law; it does not require the state court to
     determine if federal error has occurred. Rather, the court simply determines
21      whether the petitioner has adequately briefed the claim. *See, e.g., In re Dyer*, 143
     Wn.2d at 397; *In re Gronquist*, 138 Wn.2d at 396; *In re Lord*, 123 Wn.2d at 303;
22      *In re Rice*, 118 Wn.2d at 886; *In re Reise*, 146 Wn. App. at 780. The state court
     does not consider the merits of the claim in deciding whether to apply the bar.
23      Consequently, the state rule is based upon state law, and it is "independent."

24

1    (ECF No. 11, page 15). Petitioner does not address this argument in his traverse (ECF No. 13).

2    The Court agrees with respondent's position. Petitioner did not properly brief these grounds for

3    review in state court and the state courts refused to consider the grounds for review on the merits.

4           D.      Grounds for relief five, six, seven and nine were not properly exhausted and are
                    now procedurally barred.
5
         In ground for relief five, petitioner asserts that his trial counsel was ineffective in not
6
     questioning Jenny Adams about her filing paper works to have three children placed in
7
     petitioner's home. The ground for relief was not raised on direct appeal (ECF No. 12, Exhibits 4
8
     and 5).While the ground for relief was raised in the personal restraint petition (ECF No 12,
9
     Exhibit 10, page 9) it was not raised in the motion for discretionary review (ECF No. 12, Exhibit
10
     14, pages 4-8).
11
         A federal habeas petitioner must provide the state courts with a fair opportunity to correct
12
     alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*citing Picard*,
13
     404 U.S. at 275). Petitioner must have exhausted the claim at every level of appeal in the state
14
     courts. *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992).  Ground for relief five is
15
     procedurally barred.
16
         Petitioner did not raise ground for relief number six, involving juror bias, at the
17
     Washington Supreme Court level on either direct appeal or in the motion for discretionary
18
     review of the personal restraint petition (ECF No. 12, Exhibits 7 and 14). Ground for relief six is
19
     procedurally barred.
20
         Petitioner did not raise ground for relief number seven, involving juror notes being lost
21
     and then found and sorted, at the Washington Supreme Court level on either direct appeal or in
22
     the motion for discretionary review of the personal restraint petition (ECF No. 12, Exhibits 7 and
23
     14). Ground for relief seven is procedurally barred.
24

REPORT AND RECOMMENDATION - 10

1    Petitioner's eighth ground for relief overlaps with grounds one through three and ground

2    five in that petitioner alleges ineffective assistance of counsel for failing to call certain witnesses

3    (ECF No.1, pages 18 and 19). To the extent that there is overlap, grounds for relief eight is

4    procedurally barred for the reasons stated above, it was not adequately briefed and the state court

5    refused to consider it on the merits. The other issues in this ground for relief are ineffective

6    assistance of counsel because of trial counsel's alleged "lack and degree of questioning

7    witnesses." Petitioner also argues that his trial counsel was too friendly with the prosecutor (ECF

8    No. 1, page 18-19).

9    Petitioner raised different ineffective assistance of counsel claims on direct review, (ECF

10   No. 12, Exhibit 4). Further, on collateral review he did not adequately brief any ground for relief

11   in his motion for discretionary review with the Washington State Supreme Court (ECF No. 12,

12   Exhibit 14, pages 4-8).The Court concludes that ground for relief eight is procedurally barred.

13   Petitioner did not raise his ninth ground for relief, juror bias, on direct appeal (ECF No.

14   12, Exhibits 4 and 5). Further, he did not raise the ground for relief in his motion for

15   discretionary review from the denial of his personal restraint petition (ECF NO. 11, Exhibit 14).

16   This ground for relief is procedurally barred.

17        E.      Cause and prejudice and miscarriage of justice.

18   Petitioner may avoid procedural default by either showing "cause and prejudice;" or that

19   failure to examine his claim on the merits will result in a miscarriage of justice. "Cause" exists

20   when the state prevents petitioner from filing a proper petition and prejudice is when petitioner

21   could not present a claim of constitutional magnitude. In other words, to show cause, petitioner

22   must show that some objective factor, external to the defense, prevented petitioner from

23   complying with state procedural rules relating to the presentation of petitioner's claims.

24

1 │ *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (*citing Murray v. Carrier*, 477 U.S. 478, 488

2 │ (1986).

3 │       "Prejudice" exists if the alleged errors were of constitutional dimensions and worked to

4 │ petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170

5 │ (1982). The mere possibility of prejudice is not enough. *Id.* Petitioner presents no facts showing

6 │ cause or prejudice in this case.

7 │       Also, a petitioner who would be otherwise procedurally barred from bringing a federal

8 │ habeas claim may be able to obtain habeas review if the petitioner can come forward with

9 │ sufficient proof of actual innocence to bring him  "within 'the narrow class of cases...implicating

10 │ a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (*quoting*

11 │ *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)).

12 │       Plaintiff has made no showing that he was actually innocent of the crimes for which he as

13 │ charged and convicted. Petitioner has failed to demonstrate that there has been a fundamental

14 │ miscarriage of justice.  Therefore, the Court concludes that petitioner has no exception that

15 │ would prevent procedural default. The Court recommends that this petition be dismissed as

16 │ procedurally defaulted.

17 │ CERTIFICATE OF APPEALABILITY

18 │       Petitioner seeking post-conviction relief under 28 U.S.C.§ 2254 may appeal a district

19 │ court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

20 │ (COA) from a district or circuit judge.  A certificate of appealability may issue only if petitioner

21 │ has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §

22 │ 2253(c)(2). Petitioner can satisfy this standard "by demonstrating that jurists of reason could

23 │ disagree with the district court's resolution of his constitutional claims or that jurists could

24 │

1   conclude the issues presented are adequate to deserve encouragement to proceed further."

2   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484

3   (2000)).  Pursuant to this standard, this Court concludes that petitioner is not entitled to a

4   certificate of appealability with respect to this petition.

5         Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

6   fourteen (14) days from service of this Report and Recommendation to file written objections.

7   *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for

8   purposes of de novo review by the district judge.  *See* 28 U.S.C. § 63(b)(1)(C). Accommodating

9   the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for

10  consideration on December 21, 2012, as noted in the caption.

11        Dated this 19th day of November, 2012.

12

13

14                                          J. Richard Creatura
                                            United States Magistrate Judge
15

16

17

18

19

20

21

22

23

24